IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD AULDRIDGE, #170863,   *
      Petitioner
                                    *
   v.                                            CIVIL ACTION NO. CCB-05-2619
                                    *
WARDEN
      Respondent                    *
                                ******

## **MEMORANDUM**

Currently confined at the Western Correctional Institution in Cumberland, Maryland, petitioner Richard Auldridge, filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his 1983 convictions for first degree murder and other offenses. Paper No. 1.

For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time. Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.) (2000). The pending application is beyond doubt a second and successive one which petitioner has filed in this court. On October 28, 1998, this court denied petitioner's request for federal habeas corpus relief. *See Auldridge v. Moats*, Civil Action No. CCB-97-980 (D. Md. 1997). Petitioner's appeal of that decision was denied by the Fourth Circuit Court of Appeals on April 17, 1998. *Id*. On October 4, 2001, petitioner again sought habeas relief as to his 1983 convictions. The petition was dismissed as a successive petition. *See Audridge v. Galley*, CCB-01-2951 (D. Md. 2001).

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Mr. Auldridge's application

for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A);[1] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Undoubtedly, petitioner has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed. A separate Order shall be entered reflecting the ruling set out herein.

| | |
|---|---|
| __November 29, 2005__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Court Judge |

---

[1]   28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."